UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BYRON ANFINSON | Case Number |
| Plaintiff, | |
| vs. | CIVIL COMPLAINT |
| REDLINE RECOVERY SERVICES, LLC | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Byron Anfinson, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiff, Byron Anfinson (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Byron Anfinson ("Plaintiff") is an adult natural person residing at 3648 Courtland Avenue South, Minneapolis, MN 55407.

5. Defendant, Redline Recovery Services, LLC ("Defendant"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Minnesota with its principal place of business located at 1145 Sanctuary Parkway, Suite 350, Alpharetta, GA 30009 and a registered office located at 2704 Commerce Drive, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around early September 2009, Plaintiff began to receive calls from Defendant with regard to an alleged consumer debt, namely a Chase credit card.

8. Plaintiff spoke with an agent of Defendant in early September 2009 and stated that he refused to pay Defendant.

9. Defendant's agents call Plaintiff's home and cell phone almost every day.

10. Defendant's agents leave repeated messages.

11. On or about November 13, 2009, Defendant's agents called Plaintiff's cell phone at 7:39 AM.

12. On or about November 13, 2009, Defendant's agents called Plaintiff's home phone at 7:47 and 7:48 AM.

13. Defendant may not contact Plaintiff before 8:00 AM.

14. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

15. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

18. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT ONE – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    a. 1692c(a)(1) Defendant's agents contacted Plaintiff before 8:00 AM;

    b. 1692d Defendant's agents' conduct was harassing, oppressive and abusive toward Plaintiff;

    c. 1692d(5) Defendant's agents caused Plaintiff's telephone to ring repeatedly;

    d. 1692d(6) Defendant's agents placed telephone calls without disclosing their identity;

    e. 1692f Defendant's agents were unfair and unconscionable in their attempt to collect the alleged debt from Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Redline Recovery Services, LLC, and Order the following relief:

    a.    Declaratory judgment that the Defendant's conduct violated the FDCPA;

    b.    Actual damages;

    c.    Statutory damages pursuant to 15 U.S.C. §1692k;

    d.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    e.    Such addition and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: **November 18, 2009**

BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff